<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MONICA JACKSON,** | |
| Plaintiff, | Civil Action No. 24-8394 (ZNQ) (RLS) |
| v. | **OPINION** |
| **JOHNSON & JOHNSON,** *et al.*, | |
| Defendants. | |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon Plaintiff Monica Jackson's Motion for Voluntary Dismissal Without Prejudice (the "Motion") pursuant to Federal Rule of Civil Procedure 41(a)(2) filed on September 10, 2025. ("Mot.," ECF No. 43.) Defendants Johnson & Johnson, Janssen Research and Development, LLC, and Anna Duca (collectively, "Defendants") filed an Opposition Brief on September 22, 2025 ("Opp.," ECF No. 45), to which Plaintiff filed a Reply Brief ("Reply," ECF No. 47). Thereafter, Defendants filed a Sur-Reply ("Sur-Reply," ECF No. 51), and Plaintiff filed a Sur-Sur Reply ("Sur-Sur Reply," ECF No. 49).

The Court has considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

I.      <u>**BACKGROUND AND PROCEDURAL HISTORY**</u>

Plaintiff commenced this employment action in the Superior Court of New Jersey, Middlesex County, on August 5, 2024. (ECF No. 1-1.) Four days later, Defendants removed the

1

case to this Court based on diversity jurisdiction.  (ECF No. 1.)  On September 9, 2024, Plaintiff filed a Motion to Remand, arguing that there was no diversity jurisdiction because Plaintiff was domiciled in New Jersey.  (ECF No. 15.)  At a status conference on October 1, 2024, the Court indicated its inclination to deny remand and suggested that voluntary dismissal might be an alternative avenue for Plaintiff to consider.

The next day, and before Plaintiff could file a notice of voluntary dismissal, Defendants filed an answer to the complaint.[1]  (ECF No. 20.)  Plaintiff subsequently filed a letter withdrawing her Motion to Remand and stating her intention to dismiss the complaint without prejudice.  (ECF No. 21.)  Defendants promptly objected, arguing that Plaintiff cannot seek to dismiss her matter in federal court and re-file in state court solely for the purpose of avoiding federal jurisdiction.  (ECF No. 22.)

Four months later, on February 15, 2025, Plaintiff's counsel filed a Motion to Withdraw as Attorney.  (ECF No. 23.)  The assigned magistrate judge granted that Motion on July 16, 2025.  (ECF No. 38.)  Plaintiff's current counsel entered a notice of appearance on August 15, 2025.  (ECF No. 39.)

On September 9, 2025, the Court ordered Plaintiff to file a formal motion to dismiss this case without prejudice.  (ECF No. 42.)  The next day, Plaintiff filed the instant Motion.  (ECF No. 43.)  Defendants filed an Opposition Brief on September 22, 2025 (ECF No. 45), and Plaintiff filed a Reply Brief on September 29, 2025 (ECF No. 46).  Defendants then sought leave to file a Sur-

---

[1] By filing an Answer, Defendants prevented Plaintiff from voluntarily dismissing this case without prejudice as of right (without leave of the Court) under Rule 41(1)(1)(A)(i).  The Court is not oblivious to the litigation strategy employed by defense counsel.  While Defendants are entitled to file an Answer and pursue a strategy that they believe best serves their clients' interests, the motion practice that the parties are now engaged in, and subsequent delay of this case, could have easily been avoided.

Reply, which the Court granted.  (ECF No. 50.)  Plaintiff subsequently filed a Sur-Sur-Reply.  (ECF No. 49.)

## II.    LEGAL STANDARD

After a defendant files an answer or a motion for summary judgment, a plaintiff may only dismiss an action "by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  The decision of whether to grant such a motion lies within the "sound discretion" of the district court, and "should be granted liberally."  *Baldinger v. Cronin*, 535 F. App'x 78, 80 (3d Cir. 2013).  That discretion is not without limit, however, and the district court "must consider 'the presence or extent of any prejudice to the defendant by the draconian measure of dismissing a plaintiff's complaint.'"  *Est. of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 285 (3d Cir. 2017) (citation modified) (quoting *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)));  *see also In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) ("Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.") (citation modified).  Courts in this district generally consider four factors to determine whether prejudice exists: (1) the expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial in the current case; (3) the extent to which the current case has progressed; and (4) plaintiff's diligence in bringing the motion to voluntarily dismiss.  *See Sporn v. Ocean Colony Condo. Ass'n*, 173 F. Supp. 2d 244, 255 (D.N.J. 2001); *Shamrock Creek, LLC v. Borough of Paramus*, Civ. No. 12-2716, 2015 WL 3902307, at *2 (D.N.J. June 23, 2015), *aff'd* 683 F. App'x 142 (3d Cir. 2017).

**III.    DISCUSSION**[2]

The Court finds that voluntarily dismissal is warranted and that Defendants will not be sufficiently prejudiced by a dismissal of Plaintiff's Complaint without prejudice.  With respect to the first three factors, the Court finds that they all weigh in favor of granting Plaintiff's Motion.  Notably, the litigation in this matter is at an early stage: no discovery has occurred, no depositions have been taken, and no dispositive motions have been filed or are pending.  Accordingly, Defendants have not expended significant time or resources in defending this case and would not suffer prejudice from a dismissal without prejudice.  *See Selby v. Inspira Med. Ctr., Inc.*, Civ. No. 18-9675, 2018 WL 6696775, at *2 (D.N.J. Dec. 19, 2018) (granting voluntary dismissal without prejudice where the litigation had not progressed past the filing of an answer); *Silvertop Assocs., Inc. v. Kangaroo Mfg. Inc.*, Civ. No. 17-7919, 2021 WL 1138135, at *2 (D.N.J. Mar. 24, 2021) (holding that a defendant would not suffer prejudice, even though some discovery had commenced, because no motion for summary judgment had been filed); *Kachwalla v. Twp. of Edison*, 348 F.R.D. 215, 220 (D.N.J. 2024) (finding that the defendants had incurred minimal expenses where no depositions had occurred and there was not a novel or unique legal theory that they were developing).  Although Defendants characterize the procedural history as "lengthy and tortured" (Opp. at 7), the docket reflects otherwise: this case has not advanced beyond the pleading stage.

---

[2] Defendants argue that Plaintiff's Motion should be denied because she failed to comply with Local Civil Rules 7.1(d) and 7.2. (Opp. at 5–6.)  Indeed, the Court could deny the Motion on that basis alone. *See Dev. Sur. & Indem., Co. v. NDK Gen. Contractors, Inc.*, Civ. No. 06-86, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007).  However, in the interests of justice and expediency, and because Defendants had an opportunity to fully respond to Plaintiff's Motion, the Court will address Plaintiff's Motion and decide it on the merits. *See Kamienski v. AG of New Jersey*, Civ. No. 11-3056, 2015 WL 3616599, at *2 n.5 (D.N.J. June 9, 2015) ("Notwithstanding Defendants' lack of compliance with the Local Civil Rules, in the interests of justice and efficiency, the Court will decide Defendants' Motion on the merits."); *Roy v. Ramsey Moving Sys.*, Civ. No. 15-3330, 2016 WL 1163932, at *4 n.2 (D.N.J. March 23, 2016) (reviewing the plaintiff's motion despite technical violations of the local rules).  Plaintiff is nonetheless cautioned to abide by the Local Civil Rules in future filings before this Court.

The fourth factor, however, is at best neutral, and at worst weighs against Plaintiff. Following the October 1, 2024 status conference, Plaintiff filed a letter requesting to withdraw her Motion for Remand and indicating her intent to seek voluntary dismissal.  (ECF No. 21.)  For reasons that are unclear, four months went by and Plaintiff did not file a motion to voluntarily dismiss her case.  Instead, on February 15, 2025, Plaintiff's counsel filed a Motion to Withdraw as Attorney.  (ECF No. 23.)

The subsequent delay following Plaintiff's Motion to Withdraw, however, was not attributable to Plaintiff.  After additional briefing and a status conference, the assigned magistrate judge granted prior counsel's Motion to Withdraw on July 16, 2025.  (ECF No. 38.)  Plaintiff then required additional time to obtain new counsel, which she did on August 15, 2025.  (ECF No. 39.) Less than one month later, Plaintiff filed a letter with the Court requesting to voluntarily dismiss the action without prejudice.  (ECF No. 41.)  Upon review, the Court ordered Plaintiff to file a formal motion and set a return date of October 20, 2025.  (ECF No. 42.)

Although Plaintiff could have acted more diligently by filing a formal motion to dismiss prior to her former counsel's withdrawal, the delay was not so significant as to prejudice Defendants.  *See Smith v. City of Plainfield*, Civ. No. 15-7258, 2016 WL 4402812, at *4 (D.N.J. Aug. 15, 2016) (holding that a delay of seven months was insufficient to deny a voluntary dismissal).  Accordingly, on balance, the Court finds that dismissal of this action will not prejudice Defendants.

Defendants also oppose dismissal on the grounds that Plaintiff should not be permitted to forum shop.  (Opp. at 8–9.)  District courts may consider "the conduct and motivations of the plaintiff who is seeking the dismissal" when deciding whether to grant a dismissal under Rule 41(a)(2).  *Kachwalla*, 348 F.R.D. at 218; *see also Ferguson*, 492 F.2d at 29 (emphasizing that the

plaintiffs' primary motivation for seeking dismissal was to bring a new action, a factor that buttressed the court's conclusion that dismissal would prejudice the defendants). Whatever Plaintiff's motivations may be, however, they are insufficient, standing alone, to warrant denial of the Motion.[3] *See Morano v. BMW of N. Am., LLC*, Civ. No. 12-606, 2015 WL 3660324, at *3 (D.N.J. June 11, 2015) (holding that the possibility of "forum shopping" by the plaintiff, without more, does not constitute prejudice); *Martin v. Universal Underwriters Ins. Co.*, 658 F. Supp. 1415, 1416 (E.D. Pa. 1987) (holding that a defendant's objection to defending a case in state court was insufficient to demonstrate prejudice); *Huskic v. AD Express Trucking LLC*, 791 F. Supp. 3d 565, 569 (E.D. Pa. 2025) ("Where leave of court is required to dismiss under Rule 41(a)(2), courts have held that dismissal for purposes of remaining in state court is proper."). Here, as discussed above, this action has not progressed beyond the pleading stage, and Defendants have not expended significant resources in its defense. Accordingly, Plaintiff's alleged forum-shopping motive does not warrant denial of the Motion.

Finally, the Court declines to impose fees and costs as a condition of dismissal. The Third Circuit follows a liberal policy favoring voluntary dismissal without fee conditions, and cost awards under Rule 41 must be compensatory rather than punitive. *See Carroll v. E One Inc.*, 893 F.3d 139, 149 (3d Cir. 2018) (holding that only in "exceptional circumstances" should a district

---

[3] Defendants rely on *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212 (8th Cir. 2011), and *Peltz ex rel. Est. of Peltz v. Sears, Roebuck & Co.*, 367 F. Supp. 2d 711 (E.D. Pa. 2005) for the proposition that a court should consider whether the plaintiff is seeking a voluntary dismissal to defeat removal. (Opp. at 9.) As an initial matter, neither of those decisions are binding on this Court. Moreover, Defendants have not directed the Court to any decision, and the Court has found none, where the Third Circuit has held that a voluntary dismissal should not be granted solely because the plaintiff is seeking to litigate the matter in another court. On the contrary, the case law suggests the opposite: the mere prospect of further litigation in state court is, by itself, insufficient to deny a Rule 41(a)(2) motion. *See Shamrock Creek LLC v. Borough of Paramus*, 683 F. App'x 142, 144 (3d Cir. 2017) (holding that "prejudice beyond further litigation" is insufficient to deny a motion brought under Rule 41(a)(2)); *Estate of Ware v. Hosp. of the Univ. of Pa.*, 871 F.3d 273, 286 (3d Cir. 2017) ("Rule 41 motions should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.") (citation modified). Given that the there is no prejudice to Defendants other than the "prospect of further litigation" in state court, there is no compelling reason to deny Plaintiff's request for dismissal.

court award attorneys' fees and costs).  Given that this case has not advanced beyond the pleading stage and that Defendants have incurred no significant trial-preparation expenses, no basis for fee-shifting has been established.  Each party shall bear its own costs and attorney's fees.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's Motion for Voluntary Dismissal Without Prejudice (ECF No. 43) will be **GRANTED**.  An appropriate Order will follow.


Date: April 29, 2026

s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**
